IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:01-CR-27-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY ANDREWS | ) | |

This matter is before the Court on defendant's motion in letter form for early termination of his term of supervised release. The government has responded, defendant has replied, and the matter is ripe for ruling.

After pleading guilty to a count of distribution of cocaine base, defendant was sentenced on November 5, 2001, to a term of 188 months' imprisonment and a term of five years of supervised release. [DE 29]. On May 5, 2009, defendant's sentence was reduced to 162 months' imprisonment on a successful motion for sentence reduction pursuant to 18 U.S.C. § 3582(c). All other conditions of defendant's original judgment remained in full force and effect. [DE 179]. Defendant began his term of supervised release on June 6, 2012. Defendant now seeks early termination of his supervised release term. Defendant argues that he has had no violations, has paid his fine and special assessment, and has reintegrated into society and does not pose a danger to anyone. [DE 193].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set

forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

While the Court commends defendant for his behavior, all defendants are required to comply fully with the terms of their supervised release, and mere compliance is insufficient to warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Defendant further points to U.S.S.G. § 1B1.10, Application Note 7(B), which provides that where a defendant who otherwise would have benefitted from a reduction in his sentence as a result of an amended Guidelines range is ineligible for a reduction because he has served his term of imprisonment, the Court may consider whether such reduction would be appropriately applied to defendant's term of supervised release.

However, such decision is based on the totality of the circumstances relevant to a motion pursuant to § 3583(e), which includes the § 3553(a) factors. *Id.* Upon review of defendant's motion, defendant has not sufficiently demonstrated any change in the relevant § 3553(a) factors, including the characteristics of the defendant and the need for the sentence reflect the seriousness of the offense and afford adequate deterrence. Further relevant to the Court's decision is the representation by the government that the United States Probation Office does not recommend that defendant's supervised release term be terminated. [DE 195 at 3 n.1].

After considering the requisite factors, the Court is not convinced that the action requested is warranted or in the interests of justice, and in its discretion declines to terminate defendant's term of supervised release early. Accordingly, defendant's motion [DE 193] is DENIED.

SO ORDERED, this _16_ day of _February_, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE