IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:01-CR-27-BO-1
No. 7:18-CV-53-BO

| | |
|---|---|
| ANTHONY ANDREWS,<br>　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | )<br>)<br>)　　ORDER<br>)<br>)<br>)<br>) |

This cause comes before the Court on petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 237]. Respondent has moved to dismiss the Section 2255 petition. [DE 242]. These matters are ripe for disposition. For the reasons discussed below, respondent's motion to dismiss [DE 242] is GRANTED, and petitioner's Section 2255 motion [DE 237] is DISMISSED.

## BACKGROUND

In 2001, petitioner pleaded guilty, pursuant to a written plea agreement, to distribution of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). [DE 21]. He was sentenced to 188 months' imprisonment. [DE 29].

In 2002, petitioner filed his first 28 U.S.C. § 2255 motion. [DE 48]. That same year, the Court held two evidentiary hearings on petitioner's claims. [DE 60; 79]. Then, in 2003, petitioner withdrew his Section 2255 claims. [DE 87; 89]. Petitioner has since filed various other challenges to his conviction and sentence.

In March 2018, petitioner filed another motion to vacate, amend, or correct his sentence under 28 U.S.C. § 2255. [DE 237]. Petitioner brings claims of prosecutorial misconduct arising

out of Operation Tarnished Badge. [DE 237, p. 4–5]. Respondent moved to dismiss the Section 2255 petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [DE 242].

## DISCUSSION

The government argues that petitioner's Section 2255 petition must be dismissed because it is an unauthorized successive petition. [DE 243, p. 2]. Federal habeas petitioners are generally permitted only one Section 2255 motion. 28 U.S.C. § 2255(h). As such, under Federal Rule of Civil Procedure 12(b)(1), federal courts lack subject-matter jurisdiction to hear successive petitions. *United States v. Winestock*, 340 F.3d 200, 204–05 (4th Cir. 2003); *see also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999). There are, however, some exceptions. If the first petition was not decided on the merits, for example, the second petition is not improperly successive. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Or if the second petition is based on the intervening vacatur of a conviction used to enhance the petitioner's sentence, it is not improperly successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014).

Petitioner has not shown that any of the exceptions to 28 U.S.C. § 2254(h) are applicable to his petition. He argues that his sentence should be vacated or amended on the basis of prosecutorial misconduct. Petitioner's allegations arise from the federal prosecution and conviction of law enforcement personnel following an investigation entitled "Operation Tarnished Badge." Operation Tarnished Badge was a joint state and federal investigation of corrupt law enforcement officers in Robeson County, North Carolina. The investigation resulted in over twenty federal convictions, including the conviction of former Robeson County Sheriff Glenn Maynor and nearly his entire command structure. *United States v. Maynor*, 310 Fed. App'x 595, 596–98 (4th Cir. 2009) (per curiam).

Petitioner relies on the conviction of one officer in particular, Mr. Leon Oxendine. Mr. Oxendine was sentenced to fifty-one months' imprisonment in 2007 on various charges of corruption. *United States v. Oxendine*, 237 Fed. App'x 852, 853 (4th Cir. 2007). Mr. Oxendine was the head of the Selective Enforcement Team in Lumberton, North Carolina, and petitioner alleges that it was members of that Selective Enforcement Team who were directly responsible for his arrest and later prosecution. Petitioner also cites *Quintana v. United States*, 2010 WL 3743769 (E.D.N.C. Sept. 21, 2010), where this Court permitted a second Section 2255 petition which arose out of Operation Tarnished Badge. But, unlike Mr. Quintana, petitioner has not shown that his current petition is not successive.

Unlike Mr. Quintana, petitioner pleaded guilty pursuant to a written plea agreement. He has raised his prosecutorial misconduct claims previously, in Section 2255 petitions and in other challenges to his sentence and conviction. Further, petitioner has not shown that the 2010 conviction of Mr. Oxendine undermines his guilty plea or resuscitates his earlier claims of prosecutorial misconduct. Petitioner has been given multiple opportunities—and has taken advantage of them—to challenge his sentence and his conviction on grounds of prosecutorial misconduct. None of the exceptions to 28 U.S.C. § 2255(h) are applicable. This successive petition must, therefore, be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v.*

3

*Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 242] is GRANTED, and petitioner's Section 2255 motion [DE 237] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __27__ day of September, 2018.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4