IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:01-CR-00027-M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| ANTHONY ANDREWS, ) | |
| ) | |
| Defendant. ) | |

Before the Court are Defendant's Motion to Reduce Sentence (18 U.S.C. § 3582(c)(1)(A)) for Extraordinary and Compelling Reasons [filed March 31, 2020; DE 390] and a supplemental motion for "nunc pro tunc" treatment of Defendant's completion of the exhaustion requirement for his March 31 motion [filed May 22, 2020; DE 401]. Also before the Court for its consideration are the parties' response and reply briefs and Defendant's "addenda" [*see* DE 393, 396, 405, 450, 454, 458].

The Court finds an adjudication of Defendant's motions requires review of the procedural history of this case (hereafter, "*Andrews I*") and a related case. On June 12, 2001, Defendant entered a guilty plea to a charge of distribution of crack cocaine. DE 29. On November 5, 2001, Defendant was sentenced to 188 months' imprisonment, five years' supervised release, a fine of $9,700.00, and a special assessment of $100.00. *Id.* On October 11, 2016, while on supervised release for the 2001 conviction, Defendant entered a guilty plea to conspiracy to manufacture, distribute, dispense and possess with the intent to distribute quantities of endocet, methadone, oxycodone, oxycontin and oxymorphone. *See United States v. Andrews*, No. 7:16-CR-0030-D-3 ("*Andrews II*"), at DE 1, 184, 383 (E.D.N.C. Oct. 11, 2016). On November 15, 2018, Defendant was sentenced to 132 months' imprisonment, three years' supervised release, and a special assessment of $100.00. *Id.* at DE 465,

469. On August 9, 2019, as a result of his conviction in *Andrews II*, Defendant's term of supervised release was revoked in *Andrews I*, resulting in an additional 12-month term of imprisonment. *Andrews I*, DE 309, 314. The two terms of imprisonment were aggregated for a total term of 144 months. *Id.* at DE 458-1 at 2-3; *see also* Defendant's Addendum at 1, DE 450 ("The 12 months are in [ ]Aggregate with a 132 month sentence imposed by Judge Dever[ ] in case no. 7:16-cr-30-D3 on 11/15/2018.").

On March 31, 2020 and May 22, 2020, Defendant filed (respectively) the present motion for compassionate release and the present supplemental motion in this case, citing medical grounds and the presence of COVID-19 at the facility. *Andrews I*, DE 390, 401. In *Andrews II*, Defendant filed an identical motion for compassionate release on March 31, 2020, as well as an identical reply brief and the same or similar addenda. *See* 7: 20-CR-00030-D at DE 519, 522, 524, 528. On August 24, 2020, the Honorable James C. Dever III issued an order denying Defendant's motion. *Id.* at 536.

The Court finds that Judge Dever's order resolves the Defendant's requests in this case. It is undisputed that the 12-month sentence imposed in *Andrews I* was aggregated with the 132-month sentence imposed in *Andrews II*. Courts typically view consecutive sentences, like those imposed here, "in the aggregate, not as discrete segments." *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995) (addressing a challenge under 28 U.S.C. § 2254); *see also Bernard v. Garraghty*, 934 F.2d 52, 54 (4th Cir. 1991) ("*Peyton* sets forth quite clearly the law concerning the custody status of prisoners who are serving consecutive sentences: for such prisoners, custody for habeas purposes is defined not by any one particular sentence but by the aggregate of the sentences.") (citing *Peyton v. Rowe*, 391 U.S. 54, 64 (1968)). Although neither the Fourth Circuit nor any district courts therein have opined as to the construction of an aggregate sentence for the purpose of adjudicating release under 18 U.S.C. § 3582(c), a court in the District of Columbia has determined that a defendant's federal and local sentences were aggregated by the BOP and, thus, it was proper to adjudicate a motion for compassionate release under the First Step Act even though the defendant had arguably finished

2

serving his federal sentence and commenced serving the "local" sentence imposed for a conviction under the D.C. Code. *See United States v. Hammond*, No. CR 02-294 (BAH), 2020 WL 1891980, at *6, *8 (D.D.C. Apr. 16, 2020) ("the federal compassionate release provision is better read as a procedural mechanism that applies to all sentences imposed by federal courts").

Here, no party disputes that Defendant's sentences in *Andrews I* and *Andrews II* have been aggregated into one 144-month sentence; thus, the motions filed in this case for compassionate release are merely duplicates of the motion filed and adjudicated by Judge Dever in *Andrews II*. Accordingly, Defendant's motions at DE 390 and DE 401 are DENIED as moot.

SO ORDERED this 22d day of December, 2020.

*Richard E. Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE